IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL NORLEY, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | NO. 10-5893 |
| | : | |
| D. EDWARD MCFADDEN, et al., | : | |
| | : | |
| Respondents | : | |

**ORDER**

AND NOW, this      day of            , 2011, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the Answer of the District Attorney of Chester County to Petition for Writ of Habeas Corpus (Docket No. 7), the Response of the District Attorney of Chester County to July 25, 2011 Order of the Honorable Henry S. Perkin (Docket No. 12), and after review of the Amended Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated October 27, 2011, IT IS HEREBY ORDERED that:

1. the Report and Recommendation is APPROVED and ADOPTED;

2. the Petition for Writ of Habeas Corpus is DENIED without prejudice and DISMISSED without an evidentiary hearing; and

3. there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
JAMES KNOLL GARDNER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
MICHAEL NORLEY,                     :         CIVIL ACTION
                    Petitioner      :
                                    :
        v.                          :         NO. 10-5893
                                    :
D. EDWARD MCFADDEN, et al.,         :
                                    :
                    Respondents     :
_____:

Henry S. Perkin, M.J.                                          October 27, 2011

### AMENDED REPORT AND RECOMMENDATION[1]

Presently before the Court is the *pro se* Petition for Writ of Habeas Corpus filed by the Petitioner, Michael Norley ("Petitioner"), pursuant to 28 U.S.C. section 2241 and the Response thereto. Pursuant to this Court's Order dated July 25, 2011, Respondents also filed a supplemental memorandum addressing whether a "stay and abey" procedure is appropriate in this case.[2] For the reasons that follow, it is recommended that this Petition should be denied without prejudice and dismissed without an evidentiary hearing.

---

[1] The undersigned filed his initial Report and Recommendation on March 30, 2011. By Order of the Honorable James Knoll Gardner dated July 20, 2011, this matter was remanded back to the undersigned to allow the parties the opportunity to file supplemental memoranda. See Docket No. 9. More specifically, the parties were to be given an opportunity to brief the issue of whether a "stay and abey" procedure is appropriate in this matter pursuant to the decision of the United States Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005) and the decision of the United States Court of Appeals for the Third Circuit in Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

[2] Although given the same opportunity, Petitioner did not file a supplemental memorandum addressing whether a "stay and abey" procedure would be appropriate in this case.

I. **PROCEDURAL HISTORY.**[3]

On April 13, 2005, following a bench trial before the Honorable William P. Mahon in the Chester County Court of Common Pleas, Petitioner was found guilty of criminal trespass. On that same date, Judge Mahon sentenced Petitioner to two years probation.

Thereafter, Petitioner timely filed a direct appeal with the Pennsylvania Superior Court.[4] On February 6, 2006, Petitioner's appeal from the judgment of sentence was dismissed by the Superior Court for the failure to file a brief. Petitioner did not seek further review by the Pennsylvania Supreme Court.

On August 3, 2007, Petitioner was found in violation of his probation and sentenced by Judge Mahon to four years probation. On September 4, 2007, Petitioner appealed the violation of probation determination to the Pennsylvania Superior Court. On December 17, 2007, the Superior Court dismissed his appeal for failure to timely file the docketing statement required by Pa.R.A.P. 3517. Petitioner did not seek further review.

On November 25, 2009, Petitioner was again found to have violated the terms of his probation. Judge Mahon continued Petitioner's prior probationary period which was set to expire on August 3, 2011. Petitioner did not appeal from this violation determination.

---

[3] This information is taken from the Petition for Writ of Habeas Corpus, the Answer of the District Attorney of Chester County to Petition for Writ of Habeas Corpus, the Response of the District Attorney of Chester County to July 25, 2011 Order of the Honorable Henry S. Perkin, and the attachments to those pleadings. In addition, this Court ordered and reviewed the state court record pertaining to this matter. The information contained in the state court record has been considered and incorporated into this Amended Report and Recommendation.

[4] In conjunction with this appeal, Petitioner filed a request to proceed *in forma pauperis*. Judge Mahon denied this request on June 2, 2005 and Petitioner filed a Motion for Reconsideration. Judge Mahon denied reconsideration on June 20, 2005. Petitioner appealed to the Pennsylvania Superior Court. On February 8, 2006, the Superior Court dismissed Petitioner's appeal for failure to file a brief. Petitioner did not seek further review.

On September 22, 2010, a bench warrant was issued for a violation of probation and lodged as a detainer at the Delaware County prison where Petitioner was being held on new charges.[5] The dockets indicate that on October 21, 2010, Petitioner was pending a Gagnon/Morrissey II hearing with the detainer intact as a result of the seriousness and violent nature of the outstanding violation.

On October 22, 2010, Petitioner filed an Emergency Petition for Immediate Release in the Nature of Writ of Habeas Corpus[6] with the Chester County Court of Common Pleas. On December 2, 2010, the violation of probation hearing was continued by Chester County until final disposition was reached in Delaware County at the preliminary hearing. On December 8, 2010, Petitioner was released on house arrest pending the violation hearing.

On January 7, 2011, the probation violation petition, originally filed September 22, 2010, was amended by the Chester County Adult Probation Unit.[7] On February 8, 2011, an Order was entered by Judge Mahon indicating that the violation of probation hearing was continued until after the preliminary hearing in Delaware County. Petitioner was to report as directed to the Adult Probation/Parole Department in Chester County.

---

[5] According to the state court record, Petitioner was arrested on September 17, 2010 by the Pennsylvania State Police stemming from an incident occurring on September 16, 2010. Petitioner was charged with criminal conspiracy to aggravated assault with a deadly weapon, aggravated assault with a deadly weapon, simple assault, harassment, disorderly conduct and driving while operating privilege is suspended or revoked.

[6] In so doing, Petitioner advised that on September 16, 2010, he was arrested in an unrelated matter and detained at the Delaware County Prison. After posting bail, Chester County Probation executed a detainer, and transferred him to the Chester County Prison. In his emergency petition, Petitioner averred that he had fully satisfied all of the terms and obligations of his probation, and requested immediate release from the Chester County Prison and from his probationary sentence.

[7] The Probation Violation dated September 22, 2010 was amended to include violations concerning Petitioner's AnyTrax Voice Curfew Monitor. In addition, it was noted that Petitioner attempted to practice law without a license to do so.

3

On February 17, 2011, a bench warrant was issued for a violation of probation[8] and lodged as a detainer at the Delaware County Prison. On May 16, 2011, Judge Mahon directed that the Probation Violation pending in Chester County be amended to include the following:

> On May 12, 2011 a Preliminary Hearing was held before the Honorable Patricia Jenkins of the Court of Common Pleas in Delaware County. The charges of Aggravated Assault, Simple Assault, Harassment, Disorder [sic] Conduct and Criminal Conspiracy were held for Court. The charges of Criminal Attempt Homicide and Driving without a License were dismissed.

At that time, Petitioner remained incarcerated in Delaware County Prison.

On July 14, 2011, counsel on behalf of Petitioner filed an Emergency Writ of Habeas Corpus to Release/Withdraw Probation Detainers on Defendant from Custody Pending a Gagnon Hearing. On July 25, 2011, an Order was entered by Judge Mahon indicating that the violation of probation hearing was continued until after the disposition of the charges pending in Delaware County.[9] Petitioner was released and ordered not to have any direct contact with his co-defendant.

Petitioner filed his *pro se* Petition for Writ of Habeas Corpus with this Court on October 29, 2010. This Petition is identical to the October 22, 2010 filing in Chester County, which was Petitioner's Emergency Petition for Immediate Release in the Nature of Writ of

---

[8] The Probation Violation reflected that on February 16, 2010, the District Attorney of Delaware County asked that the list of charges pending be amended to include attempted homicide. Petitioner's bail was increased and he was committed to the Delaware County Prison.

[9] According to the criminal docket (Docket No. CP-23-CR-0001978-2011) for the Court of Common Pleas of Delaware County, Petitioner was convicted of simple assault on September 25, 2011 following a bench trial before the Honorable Patricia H. Jenkins. Sentencing was deferred until October 31, 2011.

Habeas Corpus. On November 18, 2010, this case was referred by the Honorable James Knoll Gardner for preparation of a Report and Recommendation. On January 5, 2011, Respondents filed an Answer to the Petition for Writ of Habeas Corpus. In their Answer, Respondents contend, *inter alia*, that the claims set forth in the Petition are unexhausted and aver that the Petition is, as a result, premature.

On March 30, 2011, the undersigned filed a Report and Recommendation concluding that because Petitioner did not exhaust his state court remedies, this Court should "stay its hand" and dismiss, without prejudice, the instant Petition for Writ of Habeas Corpus as unexhausted to allow Petitioner to exhaust his claims in state court. Petitioner did not file any objections to the Report and Recommendation.

On July 20, 2011, Judge Gardner entered an Order remanding this matter back to the undersigned to allow the parties the opportunity to file supplemental memoranda. See Docket No. 9. More specifically, the parties were to be given an opportunity to brief the issue of whether a "stay and abey" procedure is appropriate in this matter pursuant to the decision of the United States Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005) and the decision of the United States Court of Appeals for the Third Circuit in Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). By Order of the undersigned dated July 25, 2011, the parties were directed to file their supplemental memoranda on or before August 25, 2011. See Docket No. 10.

On July 25, 2011, the undersigned also entered an Order directing that the Clerk of Court for the Court of Common Pleas of Chester County forward copies of all records, including transcripts of notes of testimony at arraignment, pre-trial and suppression hearings, trial, sentencing, and post-conviction hearings and appeals; all trial and appellate briefs and

petitions, all pleadings, and all court opinions of proceedings in connection with this matter. The state court record pertaining to this matter was received in chambers of the undersigned on September 16, 2011.

On August 16, 2011, the Response of the District Attorney of Chester County to July 25, 2011 Order of the Honorable Henry S. Perkin was filed. Petitioner did not file a supplemental memoranda. Having reviewed the documents of record in this case, as well as the entire state court record pertaining to this matter, we offer this Amended Report and Recommendation.

II.   **DISCUSSION.**

   A.   **Standard - Exhaustion, Procedural Default and the "Fairly Presented" Doctrine**.

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999); Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).[10] Typically, the exhaustion requirement under 28 U.S.C. § 2241 takes the same form as the exhaustion requirement under 28 U.S.C. § 2254.[11] Moore v. DeYoung, 515 F.2d 437, 442

---

[10] On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. This order is not to be applied retroactively. See Wenger v. Frank, 266 F.3d 218, 225 (3d Cir. 2001), cert. denied, 535 U.S. 957 (2002).

[11] When a petitioner raises a claim under § 2241, the inquiry's basic purpose is to determine the reason for the petition at issue, that is, whether the petitioner is trying to enforce "the state's obligation to bring him promptly to trial," or whether he is trying to "abort a trial in the state courts" altogether, by obtaining a ruling from the federal court on the merits of his constitutional claim that would result in the dismissal of his state criminal trial. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-491 (1973). The assessment is made in light of the federalism interests that underlie the exhaustion requirement for federal habeas claims – in particular, the comity interest that is furthered when state courts are permitted a "full opportunity to resolve any constitutional

(3d Cir. 1975); see also Werts v. Vaughn, 228 F.3d 178 (3d Cir. 2000); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 2000).

"The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992). Absent exceptional circumstances, a federal court may not determine the merits of a habeas corpus petition until the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 3354(b); O'Sullivan, 526 U.S. at 839; Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). Principles of comity "dictate that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844-45.

---

issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

The exhaustion analysis for pretrial section 2241 claims has two prongs. The first prong is applicable where the court determines that the petition constitutes an attempt to enforce the petitioner's prompt trial right, and that "repeated demands" for such enforcement have already been made on the state courts, to no avail. Graham v. Brooks, 342 F. Supp. 2d 256, 263 (D. Del. 2004) (citing Braden, 410 U.S. at 489-90). Where both of these criteria are met, the exhaustion requirement may be deemed satisfied, as "federal habeas corpus action at this time and under these circumstances does not jeopardize any legitimate interest of federalism." Braden, 410 U.S. at 491-92.

In contrast, the second prong of the analysis applies where it appears the petitioner is seeking to "abort a trial in the state courts" by raising, in federal court, and prior to his state trial, constitutional defenses to the state charges he faces. Id. at 493. Such a purpose is incompatible with the federal-state comity interests protected by the exhaustion requirement, and therefore, pretrial "federal habeas review is not available unless the petitioner has exhausted state remedies and he makes a 'special showing of the need for such adjudication', or he demonstrates 'extraordinary circumstances' sufficient to excuse his failure to exhaust." Graham, 342 F. Supp. 2d at 263 (quoting Moore, 515 F.2d at 443-46). The term "extraordinary circumstances" has not been given precise definition in the pretrial § 2241 context, but the United States Court of Appeals for the Third Circuit has suggested that prosecutorial "delay, harassment, bad faith or other intentional activity . . . might, in an appropriate situation," satisfy this rigorous standard. Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir. 1997) (citation omitted).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  Petitioner must show that "the claim brought in federal court [is] the substantial equivalent of that presented to the state courts.  Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), cert. denied, 493 U.S. 1036 (1990).  A claim is not fairly presented if the state court "must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim." Baldwin v. Reese, 541 U.S. 27, 32 (2004).  Mere similarity of the federal and state issues is insufficient to prove exhaustion. Duncan, 513 U.S. at 366.  The relevant inquiry is whether the petitioner presented in state courts the legal theory and supporting facts asserted in the federal habeas petition. Nara v. Frank, 488 F.3d 187, 198 (3d Cir. 2007); Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).

However, when the petitioner cannot obtain state court review of his claims because of noncompliance with state procedural rules, the doctrine of procedural default generally bars federal habeas corpus review. Coleman v. Thompson, 501 U.S. 722, 729-32 (1991); Sistrunk v. Vaughn, 96 F.3d 666, 674-75 (3d Cir. 1996).  The Supreme Court stated:

> [I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

Coleman, 501 U.S. at 735 n.1.  "Just as in those cases in which a state prisoner fails to exhaust

8

state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman, 501 U.S. at 731-732.  To be beyond federal review, the procedural default at issue must rest on "adequate and independent" state law grounds.  Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004) (citing Harris v. Reed, 489 U.S. 255, 262 (1989)).  "[T]he state rule must have been announced prior to its application in the petitioner's case and must have been 'firmly established and regularly followed.'"  Abu-Jamal v. Horn, 520 F.3d 272, 287 (3d Cir. 2008) (quoting Fahy v. Horn, 516 F.3d 169, 187 (3d Cir. 2008) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991))).

Upon a finding of procedural default, review of a federal habeas petition is barred unless the habeas petitioner can demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law", or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice."[12]  Coleman v. Taylor, 501 U.S. 722, 750 (1990);

---

[12] Petitioner can demonstrate cause for procedural default if he can show that some objective factor external to the defense impeded or prevented his ability to comply with the state procedural rules.  Caswell, 953 F.2d at 862.  The cause must be "something that cannot fairly be attributed to the petitioner."  Coleman, 501 U.S. at 753.  While ineffectiveness of counsel may, in some instances, constitute "cause" to excuse procedural default, Murray v. Carrier, 477 U.S. 478, 488-489 (1986), in order to qualify, the ineffectiveness alleged must arise to an independent constitutional violation which claim itself must also be presented to state court.  Edwards v. Carrier, 529 U.S. 446 (2000).

To show prejudice, petitioner must present evidence that this factor did more than merely create a possibility of prejudice; it must have "worked to [petitioner's] actual and substantial disadvantage."  Murray, 477 U.S. at 494 (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  Additionally, the fundamental miscarriage of justice exception to procedural default is only concerned with "actual" innocence and petitioner must show that it is more likely than not that no reasonable juror would have convicted him absent the claimed error.  Schlup v. Delo, 513 U.S. 298, 327 (1995).  The Supreme Court has repeatedly held, however, that the scope of the miscarriage of justice exception is a narrow one.  Sawyer v. Whitley, 505 U.S. 333 (1992); McCleskey v. Zant, 499 U.S. 467 (1991); Dugger v. Adams, 489 U.S. 401 (1989).  This exception only applies when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496.  The Supreme Court has suggested that the test for actual innocence is whether there is "a fair probability that, in light of all the evidence, including that to have been . . . wrongly excluded or to have become available only after trial, the trier of the facts would have entertained a reasonable doubt of his guilt."  Kuhlmann v. Wilson, 477 U.S.

Peterkin v. Horn, 176 F. Supp. 2d 342, 353 (E.D. Pa. 2001).

### B.      Standard - Exceptions to the Exhaustion Requirement.

An exception to the exhaustion requirement is made "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(citations omitted); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has held that "our case law forecloses a District Court from excusing exhaustion 'unless state law *clearly forecloses* state court review of claims which have not previously been presented to a state court.'" Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir. 2001)(quoting Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000)(emphasis in original)). There is no evidence that the state court has been or will be ineffective in reviewing Petitioner's claim.

Under limited circumstances, the United States Supreme Court has held that "it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state courts." Rhines v. Weber, 544 U.S. 269, 277-278 (2005).[13] The

---

436, 454-55 n.17 (1986).

[13]     Rhines was decided in the case of a "mixed petition," that is, one containing both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (describing mixed petitions). In a subsequent decision, Pace v. DiGuglielmo, 544 U.S. 408 (2005), which did not involve a mixed petition and which was decided on timeliness grounds, the Court discussed in dicta the manner in which the stay and abey procedure might be employed to avoid harsh results preventing federal habeas review. See Pace, 544 U.S. at 416.

The Court of Appeals for the Third Circuit recently interpreted Pace as permitting the use of the stay and abey procedure in a context outside that of mixed petitions, that is, in the case of a federal petition containing only unexhausted claims, where not even a single claim had yet been presented to the state appellate court. In Heleva v. Brooks, 581 F.3d 187 (3d Cir. 14, 2009), the court held that the district court erred in assuming that the stay and abey procedure would not be available to a petition consisting of only unexhausted claims, e.g., a petition that was not "mixed." The court believed that "a distinction between mixed and non-mixed petitions would make no sense in the context of granting a stay to avoid penalizing a prisoner for reasonable confusion about state court filing requirements." Id. at 191. The dissent objected that the majority's holding employed dicta from Pace to overrule, *sub silentio*, the 1982 Rose v. Lundy decision that had required dismissal of petitions containing only unexhausted claims, expressing doubt that this would have been the Supreme Court's intention in Pace. See Heleva,

Court specifically stated that the court should stay, rather than dismiss, a petition when a petitioner exhibits "good cause for his failure to exhaust [the claims in the federal petition that were not yet exhausted], his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278; Heleva v. Brooks, 581 F.3d 187, 190-92 (3d. Cir. 2009). In such cases, Rhines directs the court to stay disposition as to exhausted claims contained in the petition and hold the petition in abeyance while petitioner completes the exhaustion process. Once the petitioner fully exhausts his claims, the district court may then lift the stay and review the petition.[14] Rhines, 544 U.S. at 277-278.

  C. **<u>Recommendation.</u>**

Petitioner must first exhaust his remedies in the state court system before bringing his claims to this Court. "A federal court is allowed under 28 U.S.C. § 2254(b)(1)(A) to grant a state prisoner's habeas petition only if the petitioner has exhausted all available state remedies. In order to satisfy the exhaustion requirement, a federal habeas claim must have been 'fairly presented' to the state courts. . . . This means that a petitioner must 'present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005) (internal citations omitted). Petitioner has not exhausted his state court remedies as to any claims.

---

581 F.3d at 196-197 (Chagares, J., dissenting).

 [14] The United States Court of Appeals for the Third Circuit has provided that thirty days is a reasonable length of time to permit the filing of the post-conviction petition, and that petitioner should be given another thirty-day reasonable interval after the denial of that relief to return to federal court. Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). In the event that a petitioner fails to meet either time limit, however, the stay should be vacated *nunc pro tunc*. Id. at 154.

In reviewing this matter under the additional analysis pertaining to claims made pursuant to § 2241, we note that Petitioner does not make a claim that the state has lapsed in its obligation to provide him a prompt trial. Rather, based on this Court's review of Petitioner's filing, his claims appear to request federal habeas relief from pretrial detention, stemming from either the detainer lodged by Chester County for the probation violation or the Delaware County charges, and possibly relief from his probationary sentence altogether. However, nothing in Petitioner's filing suggests the existence here of the type of intentional, bad faith state activity that could justify an exception, based on "extraordinary circumstances," to the basic exhaustion requirement, and no reason appears to hold an evidentiary hearing on the subject.

Because it is evident that Petitioner has not followed the required conduct by exhausting his state court remedies sought in this Petition, this Court should "stay its hand" and dismiss, without prejudice, the instant Petition for Writ of Habeas Corpus as unexhausted to allow Petitioner to exhaust his claims in state court.[15]  Walker v. Vaughn, 53 F.3d 609 (3d Cir.

---

[15] This recommendation to dismiss without prejudice is made to the extent that Petitioner asserts claims relating to the September 22, 2010 Probation Violation and the amendments thereto. However, a careful read of the Petition leads this Court to believe that Petitioner is actually disputing the outcome of the probation violation hearing held on August 3, 2007 wherein Judge Mahon sentenced him to four years of probation. To the extent that Petitioner is attempting to raise claims concerning his initial conviction and prior violations of probation (August 3, 2007 and November 25, 2009), it is clear that those claims would be procedurally defaulted.

Petitioner's appeals on his conviction and the August 3, 2007 violation determination were dismissed for the failure to file brief and the failure to comply with the Pennsylvania Rules of Appellate Procedure, respectively. In addition, Petitioner did not file any appeal with respect to the November 25, 2009 violation determination. Accordingly, any claims he intended to assert with respect to these matters are unexhausted. See Baldwin v. Reese, 124 S.Ct. 1347, 1349 (2004)("To provide the State with the necessary 'opportunity', the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.").

Claims related to Petitioner's initial conviction and prior violation determinations are now procedurally defaulted; such claims could be raised only in a PCRA petition, which is now barred by the one-year statute of limitation. See 42 Pa. Cons. Stat. Ann. § 9545(b); Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002) ("It is now clear that this one-year limitation is a jurisdictional rule that precludes consideration of the merits of any untimely PCRA petition, and it is strictly enforced in all cases, including death penalty appeals."), cert. denied, 537

1995).

A stay of proceedings with respect to instant Petition should not be permitted. First and foremost, we note that Petitioner has not filed a motion to stay nor has he ever requested that this Court stay proceedings with respect to his Petition. Petitioner did not file objections to the initial Report and Recommendation, and he did not file a supplemental memorandum addressing whether a "stay and abey" procedure would be appropriate in this case.

Nevertheless, when we apply the Rhines factors to this matter, we find further support that a stay should not be permitted. There does not appear to be good cause for having not presented previously any presently unexhausted potential claim to the state courts.[16] Moreover, the Rhines Court explained that the district court would abuse its discretion if it were to grant a stay requested by a petitioner whose unexhausted claims were "plainly meritless." Rhines, 544 U.S. at 277. For the reasons stated above, any claims concerning Petitioner's initial conviction and prior violations of probation, are procedurally defaulted. In addition, Petitioner has failed to allege a violation of the United States Constitution, laws or treaties of the United States upon which a grant of federal habeas corpus relief may be premised. Habeas claims must arise under the federal Constitution or federal law. 28 U.S.C. § 2254(a). Violations of state law do not, as a general rule, provide a basis for the grant of federal habeas relief. Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991) ("review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights"). Accordingly, we

---

U.S. 1195 (2003).

[16]  To the extent that Petitioner would argue that his good cause for not timely presenting his claims to state court was the result of his medical condition, we note that this medical condition, which he claims has deteriorated only recently, did not prevent him from filing various motions with both Chester and Delaware Counties.

13

conclude that it would not be proper for the Court to grant a stay of the Petition.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the claims in the instant Petition are unexhausted and premature.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 27th day of October, 2011, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED and DISMISSED without prejudice. There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Henry S. Perkin
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE